# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID MCKENZIE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>CDA, INC.,<br><br>Defendant. | Court File: _____<br><br>**CLASS ACTION COMPLAINT** |

This is a civil action for collection of unpaid wages and benefits for sixty calendar days pursuant to the United States Worker Adjustment and Retaining Notification Act, 29 U.S.C. § 2101, *et seq.* ("WARN Act") and to recover Plaintiff's unpaid commissions under the Minnesota Payment of Wages Act ("PWA"). Defendant CDA, Inc. is liable under the WARN Act for the failure to provide Plaintiff and other similarly situated former employees at least 60 days advance notice of their employment losses, as required by the WARN Act.

Plaintiffs, for their Complaint against Defendant, state and allege as follows:

## Parties, Jurisdiction, and Venue

1. Plaintiff David Mckenzie has been employed by Defendant as a salesperson since 2011. Plaintiff earned regular compensation and other employee benefits and suffered wage and benefit loss damages by Defendant's acts in violation of the WARN Act.

2. Plaintiff primarily worked in Minnesota, but reported to Defendant's management in Charlotte, North Carolina.

3. Defendant CDA, Inc., is a North Carolina corporation with its headquarters and principal place of business in Charlotte, North Carolina.

4. This Court has federal question jurisdiction over the WARN Act claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5) and supplemental jurisdiction over Plaintiff's Minnesota Wage Payment Act claim pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant has its primary place of business in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## Facts

6. Defendant DCA, Inc. manufactures and supplies disc media, flash media, and micro-functional solutions. It replicates and molds compact discs; digital video discs; and Blu-ray discs; and makes universal serial bus (USB) flash drives. Defendant employed more than 100 full-time employees as of April of 2019.

7. On or about April 10, 2019, Plaintiff and other employees employed by CDS were notified of their termination which was to be effective less than 60 days from the notice.

8. On information and belief, Plaintiff alleges that Defendant laid off approximately one hundred employees within a thirty-day period, which represents nearly all of Defendant's workforce, except for some managers, a small packaging force that will be laid off on or around April 30, 2019, and some inventory and shipping employees. Upon information and belief, the individuals with continued employment will be approximately 20 out of over 150 employees.

9. Plaintiff and class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6) because they have permanently lost their jobs as a consequence of Defendant's mass layoff.

10. Plaintiff, and all other similarly situated persons, suffered employment losses by Defendant and did not receive the 60-day notice required by the WARN Act.

## Class Action Allegations

11. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1), and (b)(3) and 29 U.S.C. § 2014(a)(5) on behalf of the following class:

> All individuals who are or were employed by Defendant and suffered an employment loss on or about April 10, 2019, or within 30 days of that date, without 60 days advance written notice as required by the WARN Act.

Plaintiffs reserve the right to redefine the class prior to class certification.

12. Numerosity: Members of the proposed class are so numerous that their individual joinder is impracticable. The precise number of members is unknown to Plaintiff at this time. However, upon information and belief, it is in excess of 100 individuals. The true number of proposed class members is, however, likely to be known by Defendant, and thus, class members may be notified of the pendency of this action by first class mail, electronic, and published notice using information in Defendant's payroll records.

13. Commonality: There are numerous questions of law and fact common to Plaintiffs and the proposed class; those questions predominate over any questions that may affect individual Class members, and include the following:

   a. Whether the provisions of the WARN Act apply;

   b. Whether Defendant's employee layoffs on or about April 10, 2019, and within 30 days of that date, constitute a "plant closing" and/or "mass layoff" under the WARN Act;

   c. Whether Defendant failed to provide the notices required by the WARN Act, 29 U.S.C. § 2102(b);

   d. Whether Defendant can avail itself of any of the provisions of the WARN Act permitting lesser periods of notice;

  e. The appropriate formulae to measure damages under the WARN Act, 29 U.S.C. § 2104(a); and

  f. The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act, 29 U.S.C. § 2104(a)(2).

14. Typicality: Plaintiffs' claims are typical of the other members of the proposed class. Plaintiff is informed and believes that, like other employees laid off on or about the same date, Defendant failed to provide proper written notice of Defendant's mass layoff.

15. Adequacy: The named Plaintiff will adequately represent the interests of the proposed class. He has been treated in the same manner as other proposed class members by Defendant and has been damaged by this treatment in the same manner as other proposed class members by Defendant' failure to comply with the WARN Act. Plaintiff is committed to vigorously prosecuting this action. Plaintiff has retained attorneys who are well qualified to handle lawsuits of this type. Plaintiff has no interests that are adverse to those of the proposed class.

16. Predominance: This case should be certified as a class action because the common questions of law and fact concerning Defendant's liability for 60-days of compensation to all employees who were not given proper written notice of their layoff.

17. Superiority: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the proposed class, especially for a class of individuals who recently and unexpectedly lost their jobs. The expense and burden of individual litigation makes it impracticable for members of the proposed class to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the

interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

18. Further, class action treatment of this action is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liabilities under the WARN Act may sue either on behalf of himself or herself, for other persons similarly situated, or both.

### Causes of Action

### Count One

VIOLATIONS OF THE WARN ACT
29 U.S.C. § 2101, *et seq.*
Brought by the named Plaintiff on behalf of the Class.

19. Plaintiff re-alleges all paragraphs of this Complaint.

20. At all times material herein, Plaintiff, and similarly situated persons, has been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 *et. seq*.

21. Defendant was, and is, subject to the notice and back pay requirements of the federal WARN Act because Defendant is a business enterprises that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A)-(B).

22. Defendant ordered a "mass layoff" under the WARN Act because Defendant has yet to formalize a plant closing but has engaged in reductions in force over a 30-day period encompassing at least 33% of its full-time workforce and at least 50 of its full-time employees.

23. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay

and other associated benefits an affected employee is due based on a violation of the required notice period. Pursuant to the WARN Act, 29 U.S.C. § 2102, and 20 C.F.R. § 639.1–§ 639.10, *et seq.*, Defendant was required to provide at least 60 days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the 60 days prior notice was not given.

24. Defendant willfully violated the federal WARN Act by failing to provide the required notice. Defendant failed to pay Plaintiff and other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

25. None of the WARN Act exemptions contained in Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2) apply.

## Count Two

PWA VIOLATION
Minn. Stat. §§ 181.01, *et seq.*
Brought by Plaintiff individually

26. Plaintiff re-alleges all paragraphs of this Complaint.

27. The PWA requires that employers within the state pay all wages earned with limited exceptions.

28. The PWA addresses how often wages must be paid and establishes penalties for wages that are paid late. *See* Minn. Stat. §§ 181.10–.15.

29. The PWA states: "Every employer must pay all wages earned by an employee at least once every 31 days on a regular pay day designated in advance by the employer regardless of whether the employee requests payment at longer intervals." Minn. Stat. § 181.101.

30. The PWA requires prompt payment of commissions to commission salespeople:

> When any person, firm, company, association, or corporation employing a commission salesperson in this state terminates the salesperson, or when the salesperson resigns that position, the employer shall promptly pay the salesperson, at the usual place of payment, commissions earned through the last day of employment or be liable to the salesperson for the penalty provided under subdivision 3 in addition to any earned commissions unless the employee requests that the commissions be sent to the employee through the mails.

Minn. Stat. § 181.145, subd. 2(a).

31. Plaintiff's compensation structure changed several times during his time at CDA.

32. In 2018, Plaintiff's compensation was commission-only with an advance on future commissions. During that time, Plaintiff increased sales significantly.

33. Plaintiff discovered that Defendant was not fully compensating him for his sales and raised this issue with his manager in August of 2018. Specifically, Plaintiff calculated that Defendant failed to pay him at least $32,000 in earned commissions.

34. Defendant did not pay Plaintiff for the $32,000 in unpaid commissions. Instead, it changed his compensation plan again to remove the commission and pay him on a salary-only basis.

35. Defendant is liable to Plaintiff for unpaid earned wages, a penalty equal to the value of the unpaid earned wages, attorneys' fees, reasonable costs, disbursements, witness fees, civil penalties and other appropriate relief in an amount to be determined at trial. *See* Minn. Stat. §§ 181.101, 181.145, and 181.171.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully prays this Court award the following relief:

36. Certify the proposed class, appointing plaintiff as Class Representative, and appointing the undersigned counsel of record as Class Counsel;

37. Enter judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein, to include pre-judgment interest;

38. Award Plaintiff and members of the proposed class compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

39. Award Plaintiff damages in an amount equal to at least the amounts provided by the PWA;

40. Award Plaintiff reasonable attorneys' fees and costs; and

41. Grant such other and further legal and equitable relief as this Court deems just and necessary.

Respectfully submitted this 3rd day of May, 2019.

/s/ Ann Groninger
Ann Groninger
Copeley Johnson Groninger PLLC
*Counsel for Plaintiffs*
225 East Worthington Avenue
Charlotte, NC 28203
Phone: (704)200-2009
Fax: (888)412-0421
N.C. State Bar No. 21676
ann@cjglawfirm.com