IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-213-RJC-DCK

| | |
|---|---|
| DAVID McKENZIE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| CDA, INC., | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Class Certification, (Doc. No. 8).

## I. BACKGROUND

From May 2011 until April 2019, Plaintiff David McKenzie ("McKenzie") was employed as a salesperson by Defendant CDA, Inc. ("CDA"), (Doc. No. 1 ¶ 1, 7; Doc. No. 8-1 at 3), a company that manufactures and supplies disc media, flash media, and microphone solutions. (Doc. No. 1 at ¶ 6; Doc. No. 8-1 at 3). McKenzie was stationed in Minnesota but repeatedly visited CDA's headquarters in Charlotte, North Carolina, where he had supervisors. (Doc. No. 8-1 at 3). Prior to April 2019 CDA had at least 148 employees in its Charlotte offices. (Id.).

The Complaint alleges that in April 2019 CDA terminated the employment of McKenzie and the majority of its other employees, reporting to the North Carolina Department of Commerce ("NCDC") that it was permanently closing three locations: its South Tryon Street office with 70 employees, its Brookford Street office with 69 employees, and its Nations Ford Road office with nine employees. (Doc. No. 8-3 at 3).

1

CDA also reported to NCDC that the permanent closures would become effective on June 8, 2019. (Id.). However, McKenzie contends that this statement was inaccurate, and that most employees had already been terminated on or around April 9, 2019, with the residual packaging workforce terminated on or around April 30, 2019. (Doc. 8-1 at 1–2). McKenzie contends that CDA terminated over 100 employees in April 2019, representing over half of CDA's workforce, and maintained only a couple of managers and a skeleton crew to handle the residual work. (Id. at 2).

Plaintiff filed suit in this district on May 3, 2019, alleging violations of the United States Worker Adjustment and Retaining Notification ("WARN") Act, 29 U.S.C. § 2101, *et seq*. (Count I), and looking to recover unpaid commissions under the Minnesota Payment of Wages Act ("PWA") (Count II). (Doc. No. 1). Plaintiff claims that CDA is "liable under the WARN Act for the failure to provide Plaintiff and other similarly situated former employees at least 60 days advance notice of their employment losses, as required by the WARN Act." (Doc. No. 1 at 1). On October 4, 2019, Plaintiff filed a Motion to Certify Class as to Count I of his Complaint. (Doc. No. 8). Defendant has not filed a response to either the Complaint or the Motion, nor have they filed any other motions in this case.

## II. LEGAL STANDARD

"A district court has broad discretion in deciding whether to certify a class." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 317 (4th Cir. 2006) (quoting Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 (4th Cir. 2001)). In the execution of this discretion, a court must accept the substantive allegations of the complaint as true and "interpret Rule 23 in such a manner as to promote justice and judicial

2

Case 3:19-cv-00213-RJC-DCK   Document 9   Filed 03/31/21   Page 2 of 16

efficiency." Farrar & Farrar Dairy, Inc., 254 F.R.D. at 72; Di Biase v. SPX Corp., No. 314CV00656RJCDSC, 2017 WL 4366994, at *2 (W.D.N.C. Oct. 2, 2017). Nonetheless, the burden of establishing certification remains with the party seeking class certification. Thorn v. Jefferson-Pilot Life Ind. Co., 445 F.3d 311, 314 (4th Cir. 2006). A class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982). Then, if a plaintiff meets all of the requirements of Fed. R. Civ. P (23)(a), the plaintiff must show that the putative class also fits into one of the three categories enumerated in Rule 23(b). Fed. R. Civ. P. 23(b).

## III. DISCUSSION

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013) (citing Califano v. Yamasaski, 442 U.S. 682, 700–701 (1979)). To fall within the exception, a party seeking to maintain a class action "must affirmatively demonstrate his compliance" with Rule 23 of the Federal Rules of Civil Procedure. Id. This rule requires a two-part test for certifying a class.

First, the plaintiff must establish the four requirements under Rule 23(a):

(1) The class is so numerous that joinder of all members is impracticable;
(2) There are questions of law or fact common to the class;
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); see also Gunnells v. Healthplan Servs., 348 F.3d 417, 423 (4th Cir. 2003). "These basic prerequisites are commonly referred to as numerosity,

3

commonality, typicality, and adequacy, respectively." Farrar & Farrar Dairy, Inc., 254 F.R.D. 68, 71 (E.D.N.C. 2008). Rule 23 "does not set forth a mere pleading standard." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). Rather, plaintiffs must prove affirmatively that there are in fact sufficiently numerous parties, common questions of law or fact, etc. Id.

Second, if a plaintiff meets all of the requirements of Fed. R. Civ. P (23)(a), the plaintiff must show that the putative class also fits into one of the three categories enumerated in Rule 23(b). Fed. R. Civ. P. 23(b). A determination under Rule 23(b) is unnecessary unless each of the prerequisites is met under Rule 23(a). See Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 337 n.3 (4th Cir. 1998).

After consideration of the Plaintiff's arguments and a review of the record, the Court finds that Plaintiff meets all of the required elements for class certification under Rule 23. The Court will discuss each such requirement in turn.

A. Rule 23(a)(1) Numerosity

To fulfill the numerosity prerequisite, a class must be so large that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This prerequisite "requires examination of the specific facts of each case and imposes no absolute limitations." Gen. Tel. Co. of NW. Inc. v. Equal Emp't Opportunity Comm'n., 446 U.S. 318, 330 (1980). Under Rule 23, the order certifying the class must "define the class and class actions, issues, or defenses." Fed. R. Civ. P. 23(c)(1)(B). Only after a court "can readily identify the class members in reference to objective criteria" may it then certify class. EQT Prod. Co. v. Adair, 764 F.3d 347, 358 (4th Cir. 2014). Importantly,

4

at the time of certification, Plaintiffs need not be able to identify every class member. Id. at 358.

Here, McKenzie seeks to include all former employees who were allegedly cut from Defendant CDA's payroll in or around April 2019 without adequate notice, and posits that "even if Defendant remains uncooperative, class members can easily identify themselves with simple objective proof, such as tax forms or payroll statements showing they worked for Defendant." (Doc. No. 8-1 at 11). This proposed group, while not specifically enumerated, can readily identify itself as class members with such proof. Furthermore, while no strict numerosity threshold exists, where "there are at least 100 putative class members . . . the numerosity element is satisfied." Berber v. Hutchison Tree Serv., No. 5:15-CV-143-D, 2018 WL 3869980, at *7 (E.D.N.C. Aug. 14, 2018), appeal dismissed sub nom. Berber v. Hutchinson Tree Serv., No. 18-2061, 2018 WL 7575706 (4th Cir. Oct. 5, 2018); see also Velasquez-Monterrosa v. Mi Casita Restaurants, No. 5:14-CV-448-BO, 2016 WL 1703351, at *5 (E.D.N.C. Apr. 27, 2016) ("Here, plaintiff predicts at least one hundred class members. This number satisfies the numerosity requirement."); cf. Brady v. Thurston Motor Lines, 726 F.2d 136, 145 (4th Cir. 1984) ("a class as large as 74 persons is well within the range appropriate for class certification"). The class in this case contains over 100 of Defendant's former employees. (Doc. No. 8-1 at 4). Accordingly, the Court finds Plaintiff has met the numerosity requirement.

B. Rule 23(a)(2) Commonality

"Class certification is only proper when a determinative critical issue overshadows all other issues." Stott v. Haworth, 916 F.2d 134, 145 (4th Cir. 1990).

5

As such, Rule 23 requires commonality, where questions of law or fact are common between class members. Fed. R. Civ. P. 23(a)(2). This commonality prerequisite requires a plaintiff to show that the class members share both a common contention and a common injury. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 348–349 (2011). A class' common contention "must be of such a nature that it is capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. at 350.

Despite requiring one common question, the prerequisite does not require that *all* questions of law or fact be common to all putative class members. Roger v. Electronic Data Sys. Corp., 160 F.R.D. 532, 537 (E.D. N.C. 1995). However, commonality does require common contentions to have common answers. "What matters to class certification… is not the raising of common questions—even in droves—but rather, the capacity of a class wide proceeding to generate common *answers* apt to drive the resolution of the litigation." Walmart, 564 U.S. at 350 (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 131–132 (2009)) (emphasis in original). Nevertheless, a court will not deny class certification "solely because there are some factual variations among the members' grievances." Haywood v. Barnes, 109 F.R.D. 568, 577 (E.D.N.C. 1986).

Sometimes, the process of evaluating common issues requires an individual-based analysis of each member. Courts must inquire into such cases as they "will unduly burden the Court and the parties and will disserve the economy rationale that renders the class action device useful." Mick v. Ravenswood Aluminum Corp., 178 F.R.D. 90, 93 (S.D. W. Va. 1998). When determining the weight of the individual

6

issues, the court may need to examine the merits of the cause of action. Wiseman v. First Citizens Bank &Trust Co., 212 F.R.D. 482 (W.D.N.C. 2003). A court may inquire into the merits to determine if the cause of action requires too much individual attention for a proper class action. Johnson v. HBO Film Mgmt., Inc., 265 F3d 178, 186 (3d Cir. 2001).

Here, Plaintiffs filed a claim for class relief under the WARN Act. (Doc. No. 1). In order to prevail under the WARN Act, each putative class member would each need to establish 1) that Defendant was subject to the WARN Act, 2) that the class member was employed by Defendant, 3) that Defendant terminated the class member without proper notice, and 4) that Defendant failed to pay the class members the required 60 days of wages and benefits. Droste v. Vert Capital Corp., No. 3:14-CV-467, 2015 WL 1526432, at *5 (E.D. Va. Apr. 2, 2015). Plaintiff posits that in proving these points, all putative class members here would need to rely on the same set of facts: "(1) whether Defendant was subject to the WARN Act; (2) how many persons Defendant employed during the class period; (3) whether Defendant laid off its employees during the class period; and (4) whether Defendant gave laid-off employees adequate notice under the WARN Act." (Doc. No. 8-1 at 7–8).

Plaintiff has presented evidence (and Defendant has not presented countervailing evidence) that the class members are all employees of the same employer who were terminated within the same short period of time without adequate notice. (Docs. No. 8-2–8-7). Plaintiff also has claimed, but has not presented evidence, that the class members have not received "wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days

7

following their respective terminations, and [that Defendants] failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations." (Doc. No. 1 ¶ 24).

The putative class members would rely on the same answers to whether the Defendant was subject to the WARN Act, because the Defendant's identity does not change. The class would also rely on the same answers to the remaining elements of a WARN Act claim: the members of the class would only be members if they were previously employed by this same Defendant and claimed they were terminated without timely notice. "[W]hether this notice was timely and sufficient under the WARN Act, or whether notice was in effect given at all, are questions of law and fact common to the class . . . ." Hutson v. CAH Acquisition Co. 10, LLC, No. 1:15CV742, 2016 WL 4289473, at *4 (M.D.N.C. Aug. 15, 2016). Therefore, for the purposes of Plaintiff's WARN Act claim, "the commonality requirement is met."[1] Id.

C. Rule 23(a)(3) Typicality

In order to meet the typicality prerequisite, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class

---

[1] Plaintiff notes that he resides in Minnesota and argues that this fact creates "no material difference" between him and other potential class members due to their work at the same location, stating that "Plaintiff will render comparable benefits to all class members." (Doc. No. 8-1). This Court notes that Plaintiff also has brought a claim based on Minnesota state law, seeking damages under the Minnesota Payment of Wages Act ("PWA"). (Doc. No. 1 at 6–7). However, Plaintiff brings that claim only individually, rather than on behalf of the class. (Id.). This Court agrees that Plaintiff's residence in Minnesota does not create a material difference between him and the other potential class members due to their common work location, while Plaintiff's separate additional claim does not create a foreseeable conflict with the interests of the class as to the WARN Act claim.

8

members." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 156 (1982). Representative claims must be "typical of, but not identical to, the claims of the class members." Mick, 178 F.R.D. at 92. "The key typicality inquiry is whether a class representative would be required to devote considerable time to rebut Defendant's claims." Feder v. Electronic Data Systems Corp., 429 F.3d 125, 138 (5th Cir. 2005). "The representative party's interest in prosecuting his own case must simultaneously tend to advance the interests of the absent class members." Deiter v. Microsoft Corp., 436 F.3d 461 (4th Cir. 2006). As stated by the Supreme Court, "commonality and typicality requirements of Rule 23(a) tend to merge," and "both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Walmart, 564 U.S. at 349 n.5.

Here, Plaintiff has presented evidence that he would represent the interests of the absent class members with regards to the WARN Act claim. Regardless of his placement in Minnesota, Plaintiff argued that he was a salesperson who reported to the same employment site as the other terminated employees. He and the other members of the putative class were terminated by the same employer around the same time, and allegedly all without proper notice. Plaintiff fulfills the typicality requirement under Rule 23(a) for his WARN Act claim.

D. Rule 23(a)(4) Adequacy of Representation

The last prerequisite of Rule 23(a) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

This requirement is met when: (1) the named plaintiff has interests in common with, and not antagonistic to, the Class' interests; and (2) the plaintiff's attorney is qualified, experienced and generally able to conduct the litigation." In re Se. Hotel Props. Ltd. P'ship Inv'r Litig., 151 F.R.D. 597, 606-07 (W.D.N.C. 1993) (citations omitted).

Plaintiff must show that he has common interests with the Class' interests. As to the Plaintiff's WARN Act claim, Plaintiff has shown that he and the prospective class members desire to prove predominantly the same facts against the Defendant without presenting any conflicts of interest against one another. While the proposed representative has an additional state law claim outside of the class action, there is no indication that the proposed class representative has any conflict with any other Class Member, and therefore the Court further finds that the proposed class representative would fairly and adequately protect the interests of their respective class as to the WARN Act claim. Plaintiff has shown that he and the potential class members share common interests and are not antagonistic to one another with regard to the WARN Act claim.

Federal Rule of Civil Procedure 23 also requires that if courts certify a class, they must also appoint class counsel. Fed. R. Civ. P. 23(g). In so doing, a court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). When an applicant seeks appointment as class counsel, the court may appoint that counsel only if the applicant meets the requirements listed above. Fed. R. Civ. P. 23(g)(2).

This district has previously considered Plaintiff's counsel, Baillon Thome Jozwiak & Wanta LLP, in a class certification case, and found "the attorneys that Plaintiff has retained are knowledgeable and experienced in employment litigation as well as prosecuting class action matters," and possess "the necessary skill, experience, and qualifications to satisfy adequacy of counsel." Rehberg v. Flowers Baking Co. of Jamestown, LLC, No. 3:12-CV-00596-MOC, 2015 WL 1346125, at *11 (W.D.N.C. Mar. 24, 2015). The Court has reviewed their records and case history, (Doc. No. 8-5), and agrees with the finding in Rehberg that Plaintiff's counsel is experienced in handling complex class action litigation, are knowledgeable about the applicable law, and possess the requisite resources and qualifications to represent the best interests of the class.

E. Rule 23(b)

If Plaintiff has met the pre-requisite requirements of Rule 23(a), then he must also show that the proposed class is justified under one of the three criteria in Rule 23(b). Plaintiff here proposes to certify under Rule 23(b)(3). (Doc. No. 8-1 at 9). "[C]ertification under Rule 23(b)(3) is appropriate when all of the prerequisites of Rule 23(a) are satisfied and two other requirements are met. . . . Specifically, (1) common questions of law or fact must predominate over any questions affecting only

11

individual class members; and (2) proceeding as a class must be superior to other available methods of litigation." EQT Prod. Co. v. Adair, 764 F.3d 347, 357 (4th Cir. 2014). "These two requirements are commonly known as predominance and superiority." Hutson v. CAH Acquisition Co. 10, LLC, 2016 WL 4289473 at *5 (M.D.N.C. Aug. 15, 2016).

First, the "predominance inquiry 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.' Id. (quoting Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 623 (1997)). It "focuses not only on the existence of common questions, but also on how those questions relate to the controversy at the heart of the litigation." EQT Prod. Co. v. Adair, 764 F.3d 347, 366 (4th Cir. 2014). Under this inquiry the court must ask "whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." Tyson Foods, Inc. v. Bouaphakeo, 136 S. Ct. 1036, 1045, 194 L. Ed. 2d 124 (2016) (quoting 2 W. Rubenstein, Newberg on Class Actions § 4:49, pp. 195–196 (5th ed. 2012). Whenever "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately . . . ." Id. (internal citations omitted).

Here, common issues connect the putative class under the WARN Act claim. These issues are relatively straightforward and include whether the WARN Act applies to the Defendant, whether a "mass layoff" took place under the WARN Act, whether the putative class members were terminated by Defendant and, if so,

whether Defendant provided them 60 days notice before termination, among similar such issues. (Doc. No. 1 at 5–6; 29 U.S.C. § 2101, et seq.). "These questions are common to all employees." Elkins v. Mail Transp. Servs., LLC, No. 1:16CV1118, 2017 WL 2985061, at *2 (M.D.N.C. May 26, 2017) (granting class certification in a WARN Act case); Hutson v. CAH Acquisition Co. 10, LLC, No. 1:15CV742, 2016 WL 4289473, at *6 (M.D.N.C. Aug. 15, 2016) (granting class certification in a WARN Act case). Common issues of law and fact appear to predominate over any questions affecting only individual class members under the WARN Act claim, and Defendant has offered no argument to the contrary. Plaintiff's motion passes the preponderance prong under Rule 23(b)(3).

Second, Plaintiff must be able to demonstrate that proceeding as a class "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). When weighing this question, courts should consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

(Id.). In so doing, the "court must compare the possible alternatives to determine whether Rule 23 is sufficiently effective to justify the expenditure of the judicial time and energy that is necessary to adjudicate a class action and to assume the risk of prejudice to the rights of those who are not directly before the court." Stillmock v. Weis Markets, Inc., 385 F. App'x 267, 274 (4th Cir. 2010) (quoting 7AA Charles Alan

Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1779 (3d ed.2005)).

Here, first, the putative class members' injuries are similar enough that their interests in individually controlling their own individual actions is relatively weak. See Fed. R. Civ. P. 23(b)(3)(A). Second, the Court is not aware of any other litigation concerning this controversy by or against class members, a federal case search failed to uncover any such ongoing cases, "and Defendants have had an opportunity to state otherwise in their response brief" but did not reply to the motion. Elkins v. Mail Transp. Servs., LLC, No. 1:16CV1118, 2017 WL 2985061, at *2 (M.D.N.C. May 26, 2017). Third, as to the forum, Defendant is a North Carolina corporation with its headquarters and principal place of business in Charlotte, North Carolina, and whether some number of the employees lived outside the state, at least the vast majority were employed within North Carolina. (Doc. No. 1 at 2; Doc. No. 8 Exs. A, B). Fourth, this Court does not foresee a significant level of difficulty in managing this class action claim given that the issues of fact and law appear to be relatively straightforward as to the WARN Act claim, and "if liability is established, the calculation of total back pay and benefits owed to each member of the class is a fairly simple matter that will require little individualized effort." Hutson v. CAH Acquisition Co. 10, LLC, No. 1:15CV742, 2016 WL 4289473, at *6 (M.D.N.C. Aug. 15, 2016). Based on these factors, a class action is superior to other available methods of adjudicating the WARN Act claim that the putative class presents.

F. <u>Summary of Rule 23 Findings</u>

Based on the analysis above, Plaintiff has met his burden in showing cause to certify a class with regard to his WARN Act claim, and Defendant has provided no evidence or arguments in opposition to Plaintiff's position. Plaintiff has established that for the purposes of the WARN Act claim, the class matches the numerosity, commonality, typicality, and adequacy requirements under Rule 23(a), as well as the predominance and superiority requirements under Rule 23(b)(3). <u>Hutson</u>, 2016 WL 4289473 at *6. This Court will therefore certify the class as to the WARN Act claim.

## IV. CONCLUSION

The Court finds that Plaintiffs have met the Rule 23 requirements to certify a class as to his WARN Act claim. Plaintiff has also established that he is an adequate representative of the WARN Act class, and that his counsel possesses the necessary skill and expertise to represent same as class counsel. The Court will grant Plaintiff's Motion for Class Certification, and appoint Plaintiff and Plaintiff's counsel as class representative and class counsel, respectively.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Class Certification, (Doc. No. 72) is **GRANTED;**
2. The **CLASS** for Plaintiff's WARN Act claim is defined as:
    a. *all individuals who are or were employed by Defendant and whose employment was terminated by Defendant on or about April 10, 2019, or within 30 days of that date, without 60 days advance written notice.*

3. Plaintiff David McKenzie is designated as class representative for this claim;

4. Baillon Thome Jozwiak & Wanta LLP is authorized to serve as class counsel to represent the class;

5. Within fourteen (14) days of the entry of this Order, counsel for both parties are directed to submit a joint filing to the Court describing the desired language of the notice to be delivered to the class members, highlighting any disagreements on language requiring attention by the Court; and

6. Within twenty (20) days of this Order, the parties or their counsel shall confer and conduct an Initial Attorney's Conference. See Fed. R. Civ. P. 16(b). Pursuant to Local Rule 16.1(B), within seven (7) days of the parties' conference, the parties shall complete and file a revised Certification of Initial Attorney's Conference, which shall include a proposed discovery plan. The parties are encouraged to work together to come up with an agreed upon discovery plan.

**SO ORDERED.**

Signed: March 31, 2021

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge