# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-213-RJC-DCK

| | |
|---|---|
| DAVID MCKENZIE, | ) |
|           Plaintiff, | ) |
| v. | )    **MEMORANDUM AND** |
| | )    **RECOMMENDATION** |
| CDA, INC., | ) |
|           Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Voluntary Dismissal" (Document No. 10). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

Plaintiff David McKenzie ("Plaintiff" or "McKenzie") initiated this action, "on behalf of himself and all others similarly situated," with the filing of a "Class Action Complaint" (Document No. 1) on May 3, 2019. The Complaint seeks the "collection of unpaid wages and benefits . . . pursuant to the United States Worker Adjustment and Retaining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act") and to recover Plaintiff's unpaid commissions." (Document No. 1, p. 1).

> Defendant DCA, Inc. manufactures and supplies disc media, flash media, and micro-functional solutions. It replicates and molds compact discs; digital video discs; and Blu-ray discs; and makes universal serial bus (USB) flash drives. Defendant employed more than 100 full-time employees as of April of 2019.

(Document No. 1, p. 2).

Plaintiff now seeks to voluntarily dismiss this action pursuant to Fed.R.Civ.P. 41(a)(2) – "without prejudice, without fees, costs, or further relief to any party." (Document No. 10, p. 1). Rule 41(a)(2) provides, in part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2).

By the instant motion, Plaintiff states that his counsel has investigated the prospects for relief against Defendant and determined there is "not meaningful prospect for relief," and therefore, "no reason for Plaintiff or this Court to devote further time and resources to administering a class action." (Document No. 10-1, p. 2). Plaintiff notes that "the Fourth Circuit directs that dismissal should be freely allowed, unless there is plain legal prejudice to the defendant." Id. (citing Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987) and GMAC Mortgage, LLC v. Flick Mortgage Investors, Inc., 3:09-CV-125-RJC-DSC, 2012 WL 1098628 at *4-5 (W.D.N.C. Mar. 31, 2012)). Plaintiff contends that his proposed dismissal will not prejudice Defendant or absent/potential class members.

Plaintiff notes that Defendant CDA has never answered or otherwise responded to the Complaint, nor has Defendant responded to the instant motion or otherwise appeared in this action. (Document No. 10-1).

The undersigned finds Plaintiff's argument and legal authority to be persuasive.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiff's Motion For Voluntary Dismissal" (Document No. 10) be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 41(a)(2).

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: June 1, 2021

David C. Keesler
United States Magistrate Judge